## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DONALD LEE TATE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:12CV2189 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Donald Lee Tate's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Under Rule 4 of the Rules Governing § 2255 Proceedings, the Court is required to promptly examine the motion and to dismiss it if it "plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief."  Having reviewed all matters relevant to the motion, the Court finds that the motion must be summarily be dismissed.

## Background

On December 5, 2011, movant pled guilty to one count of felon in possession of a firearm pursuant to a plea agreement with the government.  In his plea agreement, movant waived "all rights to appeal all sentencing issues other than Criminal History . . ."  Moreover, movant "agree[d] to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United

States Code, Section 2255, except for claims of prosecutorial conduct or ineffective assistance of counsel."  In return, the government agreed that no further prosecution would be brought against movant relative to his possession of a firearm on or about October 13, 2010.

On March 2, 2012, the Court sentenced movant to a prison term of 51 months, to be followed by a one year term of supervised release.  The sentence was based on a Guidelines range of 41 to 51 months.

### The Motion

For his sole ground for relief, movant states that "the Court erred in that it did not specify whether movant's sentence was to run concurrent or consecutive to movant's parole sentence."

Movant claims that at the time of sentencing he was (and still is) on parole in Missouri.  Movant believes that this Court erred because its judgment did not reflect that the federal sentence was to run concurrent with his state parole.  Movant wants the Court to amend the judgment to state that it is running concurrently with his parole.

### Discussion

A waiver of collateral attack rights in a plea agreement is generally enforceable. See DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000).  In this case, there are no circumstances present that would suggest otherwise.  Movant has waived the right

to raise this issue in these proceedings, and therefore, the Court will dismiss this action under 28 U.S.C. § 2255, Rule 4.

Even if movant had not waived the right to bring this issue, the Court would still dismiss this action under Rule 4 because this issue is not cognizable in these proceedings.  Under § 2255, a federal prisoner may challenge a sentence on the grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Movant's challenge does not meet any of these requirements.  As a result, it fails to state a claim under § 2255.

For these reasons, movant is not entitled to federal habeas relief.  Furthermore, movant has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right."  Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DISMISSED**.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this <u>29th</u> day of November, 2012.

<u>/s/ Jean C. Hamilton                    </u>
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE